**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-15-0000487**
**26-AUG-2016**
**09:36 AM**

NO. CAAP-15-0000487

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TROY C. MATTOS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTA-14-00622)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Troy C. Mattos (Mattos) appeals from the Judgment and Notice of Entry of Judgment, entered on June 10, 2015 in the District Court of the Second Circuit, Wailuku Division (District Court).[1]

Mattos was convicted of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2015).[2]

---

[1]    The Honorable Kelsey T. Kawano presided.

[2]    The Judgment and Notice of Entry of Judgment indicating that Mattos was found to have violated HRS § 431:10C-104, No Motor Vehicle Insurance, was subsequently vacated.

On appeal, Mattos contends[3] the District Court erred by denying his pretrial Motion to Suppress because there was no justification for executing the traffic stop which subsequently led to the discovery that he was OVUII.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mattos's point of error as follows:

The District Court did not err by denying the Motion to Suppress when all of the evidence adduced at trial is considered.

> [W]hen the defendant's pretrial motion to suppress is denied and the evidence is subsequently introduced at trial, the defendant's appeal of the denial of the motion to suppress is actually an appeal of the introduction of the evidence at trial. Consequently, when deciding an appeal of the pretrial denial of the defendant's motion to suppress, the appellate court considers both the record of the hearing on the motion to suppress and the record of the trial.

State v. Vinuya, 96 Hawai'i 472, 481, 32 P.3d 116, 125 (App. 2001) (citations omitted); see also Carroll v. United States, 267 U.S. 132, 162 (1925).

Mattos contends on appeal, as he did below, that evidence resulting from his traffic stop should be suppressed because there was no traffic sign indicating that the street he was exiting onto from a parking lot was "one-way" and, therefore, he did not know he violated any traffic law by going in the opposite direction. Mattos claims that "one cannot be prosecuted

---

[3] Mattos's Opening Brief is in violation of Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) insofar as it does not provide record citations for the challenged actions of the District Court nor for the preservation of these errors for appeal. "[S]uch noncompliance offers sufficient grounds for the dismissal of the appeal." Housing Fin. & Dev. Corp. v. Ferguson, 91 Hawai'i 81, 85, 979 P.2d 1107, 1111 (1999). See also Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 420, 32 P.3d 52, 64 (2001); Bettencourt v. Bettencourt, 80 Hawai'i 225, 228, 909 P.2d 553, 556 (1995). Counsel is cautioned that future violations of the rules may result in sanctions.

Nevertheless, we recognize that our appellate courts have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible," Schefke, 96 Hawai'i at 420, 32 P.3d at 64 (citation and internal quotation marks omitted; emphasis supplied), and in several instances have addressed the merits of an appeal, noncompliance with the appellate rules notwithstanding. See, e.g., Housing Fin. & Dev. Corp., 91 Hawai'i at 85-86, 979 P.2d at 1111-12; O'Connor v. Diocese of Honolulu, 77 Hawai'i 383, 386, 885 P.2d 361, 364 (1994). Therefore, we will endeavor to do so here, to the extent possible.

for a one-way street violation if required signs are absent." We need not address Mattos's legal argument because the evidence at trial demonstrated that Mattos saw a one-way traffic sign at the exit of the parking lot.

During the hearing on Mattos's Motion to Suppress, there was no evidence presented that there was a traffic sign near the parking lot exit that stated the street was a one-way street. However, during trial, Mattos admitted that there was a one-way sign facing the exit of the parking lot. At trial, Mattos claimed that he did not drive in the opposite direction of the sign because he drove straight across the street into a gas station. Thus, there was evidence presented that Mattos knew of the south bound direction of traffic on the street when he exited the parking lot. Officer Nephi Laga testified that not only did Mattos disregard the one-way sign and drive in the opposite direction, Mattos drove for approximately 50 feet in the opposite direction before veering into the driveway of a nearby business. The stop of Mattos was justified based on this traffic violation.

Therefore,

IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on June 10, 2015 in the District Court of the Second Circuit, Wailuku Division is affirmed.

DATED: Honolulu, Hawai'i, August 26, 2016.

On the briefs:

David A. Sereno,
for Defendant-Appellant.

Artemio C. Baxa,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge